UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                  ORDER

QUIANE WILLIAMS,                    12-CR-111-1 (CS)

                Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Quiane Williams' motion for reduction of sentence under

18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 575), and the

Government's opposition thereto, (Doc. 577).[1]

      Defendant was arrested on February 9, 2012 and detained.  On November 13, 2103, he

was sentenced principally to 192 months' imprisonment.  (Doc. 258).  Defendant has served

almost 103 of those 192 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

---

[1]Defendant also requests home confinement, but only the Bureau of Prisons, not the
Court, can provide that relief.  *See* 18 U.S.C. § 3624(c); CARES Act, Pub. L.
No. 116-136, § 12003(b)(2) (2020).

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he suffers from a health conditions that makes him immuno-suppressed and therefore at increased risk for severe disease should he contract COVID-19.  He also suffers from depression as the result of the death of an adult daughter, for which the Court sends its sincere sympathies, and suffers from anxiety regarding the COVID-19 pandemic and the inability of prisoners to socially distance.  Presumably he means to contend that he fits the fourth category.  Neither his physical nor mental conditions are among those that the Centers for Disease Control ("CDC") has identified as causing increased risk.[2]  Further, Allenwood Medium FCI, where Defendant is incarcerated, has identified no inmate cases and only a handful of officer cases.  Finally, depression – particularly among those who are separated from family – is unfortunately not uncommon, and anxiety about the pandemic is widespread.  The factors to which Defendant points, whether singly or in combination, do not rise to the level of extraordinary or compelling circumstances.

Even if they did, I would still have to consider the § 3553(a) factors.  Defendant's offense was serious: he was a leader of a violent gang that distributed heroin, cocaine, crack and marijuana, and protected its operation with firearms.  He was responsible for the distribution of a large amount of heroin: between one and three kilograms.  The instant case was Defendant's

---

[2]Defendant has a health condition that, according to the CDC, *might* present an increased risk if symptomatic or untreated, but the Government represents that Defendant is getting effective treatment and is asymptomatic, and Defendant does not contend otherwise.

(header removed)

eleventh criminal conviction, fifth felony, sixth drug crime, and second federal conviction.  His

prior federal case resulted in three violations of supervised release.  Five of his priors did not

count toward his Criminal History Category ("CHC") under the Sentencing Guidelines, but he

was a Career Offender under the Guidelines and in CHC V even without considering that

designation.  Releasing defendant after he has served just over 8.5 years of his 16 year sentence

would undermine several of the purposes of sentencing.  It would not be just punishment and

would introduce unwarranted sentencing disparities.  It would not give sufficient weight to

Defendant's extensive  criminal history or his repeated disrespect for the law.  It would not

suffice to protect the public from further crimes by Defendant, given the likelihood that he will,

as he has so often in the past, revert to criminal behavior when released from prison.  In short,

even if Defendant had shown extraordinary and compelling circumstances, I would deny the

motion in light of the offense, Defendant's history and the other § 3553(a) factors.

Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to

terminate the pending motion, (Doc. 575), and send a copy of this Order to Defendant Quiane

Williams, No. 49943-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box

2000, White Deer, PA  17887.

Dated:  August 28, 2020
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.